# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-cr-0896-2 ) ) Judge Sharon Johnson Coleman |
| SALVADOR ROSALES, | ) ) |
| Defendant. | ) |

## ORDER

The Court denies defendant's motion for a sentence reduction based on the Sentencing Commission's retroactive Amendment 782. *See* 18 U.S.C. § 3582(c).

## LEGAL STANDARD

"A term of imprisonment is a final judgment that can only be modified in limited circumstances," including "when a defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014); 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782—which lowered the base offense level for most drug crimes—and later made the reduction retroactive. *United States v. Phelps*, 823 F.3d 1084, 1086 (7th Cir. 2016).

## DISCUSSION

After a jury convicted Rosales of one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), the Honorable Wayne Andersen sentence him to 240 months in prison on each count to be served concurrently. At sentencing, Judge Andersen explained that the minimum statutory penalty for each count was 20 years based on the United States filing a notice of prior

conviction under 21 U.S.C. § 851. The judge stated that if it weren't for the mandatory minimum of 20 years, he would have been open to a sentence within the sentencing guidelines range, but "I don't have that option." Rosales' defense counsel acknowledged that the statutory minimum was 20 years.

Because Rosales was sentenced with the statutory minimum, the Court cannot grant him the relief he seeks because his sentence was set by statute and not the guidelines. *See United States v. Yates*, 777 Fed. Appx. 829, 830 (7th Cir. 2019). Put differently, because Rosales' "sentence was set by a statutory minimum, it was not 'based on' a guidelines range that subsequently changed," *United States v. Santiago*, 727 Fed. Appx. 879, 879-80 (7th Cir. 2018), the Court cannot reduce his sentence under § 3582(c). *United States v. McCarroll*, 811 F.3d 975, 977 (7th Cir. 2016) (per curiam)("[r]elief is not available if a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (citation omitted).

**Conclusion**

Based on the foregoing, the Court denies defendant's motion for a sentence reduction. [284].

**IT IS SO ORDERED.**

Date: 11/5/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge